

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-1999

# USA v. Coates

Precedential or Non-Precedential:

Docket 98-1173

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"USA v. Coates" (1999). *1999 Decisions*. Paper 139.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 21, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1173

UNITED STATES OF AMERICA

v.

GERALD A. COATES

Gerald Coates,

Appellant

2370        <HRULE X=001270 L=000720 W=000005>

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(96-cr-00388-2)
(District Judge: Honorable Ronald L. Buckwalter)

Submitted Under Third Circuit LAR 34.1(a)
January 12, 1999

Before: NYGAARD, ALITO, and LEWIS, Circuit Judges.

(Opinion Filed: May 21, 1999)

        FEDERAL COURT DIVISION
        DEFENDER ASSOCIATION OF PHILADELPHIA
        Ellen T. Greenlee, Defender
        Maureen Kearney Rowley, Chief Federal
         Defender
        David L. McColgin, Assistant Federal Defender
        Suite 800 -- Lafayette Building
        437 Chestnut Street
        Philadelphia, Pennsylvania 19106-2414

        Counsel for Appellant

UNITED STATES DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF PENNSYLVANIA
Michael R. Stiles, United States Attorney
Ewald Zittlau, Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106-4476

Counsel for Appellee

OPINION OF THE COURT

ALITO, Circuit Judge:

This is an appeal by Gerald Coates ("Coates") from a judgment and sentence in a criminal case. Coates pleaded guilty to armed robbery and related offenses, and as a part of his sentence, the District Court ordered him to pay restitution in the amount of $4,028. Coates now challenges the restitution order. Because the District Court erred by imposing restitution without specifying a payment schedule or considering the factors set forth in 18 U.S.C. S 3664(f)(2), we vacate the restitution order and remand for resentencing in accordance with this opinion.

I.

In June and July of 1996, Coates and a co-conspirator, Haywood White, committed three bank robberies in which they obtained a total of $8,056. Coates pleaded guilty to two counts of conspiracy to commit armed bank robbery and one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. S 371; two counts of armed bank robbery and one count of bank robbery, in violation of 18 U.S.C. S 2113(d); and two counts of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. S 924(c). The District Court sentenced Coates to a term of 291 months of imprisonment,1 to be followed by five

_____

1. Specifically, Coates received 60 months of imprisonment on the three conspiracy counts; 87 months of imprisonment on the three robbery

2

years of supervised release, and imposed an $800 special
assessment. The Court also ordered Coates to pay
restitution in the amount of $4,028, without anyfindings or
further explanation of the award. Coates then took this
appeal.

Counsel for Coates filed a motion to withdraw and
submitted a brief in support of his motion pursuant to
Anders v. California, 386 U.S. 738 (1967). Counsel's Anders
brief advised that there is no non-frivolous issue that can
be raised on Coates's behalf. Coates was provided with a
copy of the motion, and he filed a pro se brief in support of
his appeal, raising two issues: (1) that the District Court
erred in enhancing his sentence on the second weapons
conviction because Congress did not intend 18 U.S.C.
S 924(c)(1) to permit enhancement where a second or
subsequent weapons conviction is charged in the same
indictment as the first weapons conviction; and (2) that the
District Court committed plain error by failing to make
specific factual findings concerning Coates'sfinancial
ability to pay $4,028 in restitution and by failing to order
an appropriate payment schedule.

After examining the record, we found that Coates's
second argument raised a non-frivolous issue.2 Accordingly,
we denied counsel's motion to withdraw and requested
additional briefing on "[w]hether the District Court erred in
failing to specify in the restitution order `the manner in
which, and the schedule according to which, the restitution
is to be made,' pursuant to the Mandatory Victims

_____

counts, to be served consecutively to the sentence imposed on the
conspiracy counts; 60 months on the first weapons count, to be served
consecutively to the conspiracy and robbery counts; and an enhanced
sentence of 84 months on the second weapons count, to be served
consecutively to all other sentences.

2. We agree with counsel that Coates's first argument is frivolous. Coates
contends that the District Court misapplied 18 U.S.C. S 924(c)(1) by
enhancing Coates's sentence on the second weapons conviction even
though it arose from the same indictment as hisfirst weapons
conviction. Both the Supreme Court and our court already have rejected
this argument. See Deal v. United States, 508 U.S. 129 (1993); United
States v. Casiano, 113 F.3d 420 (3d Cir.), cert. denied, 118 S. Ct. 221
(1997).

3

Restitution Act of 1996, 18 U.S.C. S 3664(f)(2)." After reviewing the parties' briefs, we conclude that the District Court erred.

II.

Coates contends that the District Court erred by ordering him to pay restitution without specifying in the restitution order the manner and schedule of payments to be made and without considering his financial resources, projected earnings, and financial obligations. Because Coates did not object to the restitution order at the sentencing hearing, we review this issue for plain error. See Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); United States v. Olano, 507 U.S. 725 (1993).

Congress enacted the Mandatory Victims Restitution Act ("MVRA") in 1996. See Pub. L. No. 104-132, Title II, SS 201-211, 110 Stat. 1214; 18 U.S.C. SS 3663A-3664 (West Supp. 1996).3 The MVRA applies to sentencing proceedings in cases in which the defendant is convicted on or after April 24, 1996. See 18 U.S.C. S 3664 (statutory notes). Coates pleaded guilty on October 11, 1996, for criminal activity that took place during the summer of 1996. Therefore, application of the MVRA to Coates is appropriate here. Cf. United States v. Edwards, 162 F.3d 87 (3d Cir. 1998) (imposing restitution on defendant for criminal conduct occurring prior to MVRA's enactment violates Ex Post Facto Clause).

The MVRA makes restitution mandatory for certain crimes, see 18 U.S.C. S 3663(A)(1), and requires district courts to order the payment of restitution in the full amount of the victim's losses "without consideration of the economic circumstances of the defendant." See 18 U.S.C.

_____

3. The MVRA substantially amended the provisions for restitution set out in the Victim and Witness Protection Act, 18 U.S.C. S 3663 et seq. (West 1985). Under the VWPA, district courts had discretionary authority to award restitution. In ordering restitution, however, courts were required to consider, among other factors, the defendant'sfinancial ability to pay restitution in establishing the amount of restitution to be ordered. 18 U.S.C. S 3664(a) (West 1985).

4

S 3664(f)(1)(A); see also United States v. Jacobs, 167 F.3d 792, 796 (3d Cir. 1999) (stating that MVRA's "clear and unambiguous mandatory language" requires defendants to pay full restitution to their victims). After ordering full restitution, the district court "shall specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." See 18 U.S.C. S 3664(f)(2); see also United States v. Crandon, No. 98-5161, 1999 WL 147606, at *3 n.3 (3d Cir. Mar. 18, 1999) ("[A]fter ordering full restitution, the district court must set a payment schedule."). In so doing, the district court is required to consider the financial resources, projected earnings, and financial obligations of the defendant. See 18 U.S.C. S 3664(f)(2)(A)-(C). The court may order the defendant to make a single lump-sum payment, reasonable periodic payments, or, if the defendant is indigent, nominal periodic payments. See 18 U.S.C. S 3664(f)(3)(A), (B).

The District Court in this case complied with the MVRA by ordering Coates to pay the full amount of his share of the victim's losses, $4,028. After doing so, however, the District Court failed to satisfy the remaining statutory requirements. It did not specify in the restitution order the "manner in which, and schedule according to which," the restitution is to be made. Nor did it state on the record that it had considered Coates's financial situation in determining his ability to make a single lump-sum payment of $4,028. Since the MVRA mandates that district courts schedule restitution payments after taking into account the defendant's financial resources, the District Court's failure to do so here constitutes plain error. See United States v. Turcks, 41 F.3d 893, 901-02 (3d Cir. 1994) (stating that the court's failure to make factual findings under the VWPA constitutes plain error), cert. denied, 514 U.S. 1074 (1995).

We are unpersuaded by the government's arguments to the contrary. The government maintains that the District Court complied with the statutory requirements because under section 3572, and in view of the District Court's silence, full payment was due immediately. Section 3572 provides, in pertinent part:

> A person sentenced to pay a fine or other monetary
> penalty, including restitution, shall make such

5

payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. . . .

18 U.S.C. S 3572(d)(1). This section applies to all monetary penalties, including fines and restitution orders, and it creates a preference for immediate payment. Contrary to the government's suggestion, however, this provision in no way eliminates the district court's obligation under section 3664 -- "Procedure for issuance and enforcement of order of restitution" -- to consider the defendant'sfinancial situation and schedule restitution payments accordingly. We therefore reject the government's claim that section 3572 permitted the District Court to satisfy its duties under section 3664 through its silence.

The government next maintains that the District Court complied with the MVRA by making payments due during the term of the defendant's imprisonment. In making this contention, the government points to a paragraph of standard-form language in the restitution order that provides:

> Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment[,] payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

Supplemental Appendix at 7a. Like section 3572, this paragraph does not establish a payment schedule, nor does it indicate that the District Court considered Coates's financial circumstances. It is therefore insufficient to satisfy section 3664(f)(2).

As an alternative argument, the government contends that the District Court's failure to comply with the statutory requirements is not fatal because, through its silence, the Court delegated responsibility to establish a payment schedule to the probation office. See 28 C.F.R. S 545.10 (permitting Bureau of Prisons to determine payment

6

schedules). In making this contention, the government cites Montano-Figueroa v. Crabtree, 162 F.3d 548 (9th Cir. 1998), in which the Ninth Circuit held that the district court may delegate its statutory responsibilities to a probation officer. The government's reliance on Montano-Figueroa is misplaced.

Like most other federal appellate courts that have addressed the issue, we have held that the fixing of restitution payments is a judicial act that may not be delegated to a probation officer. See United States v. Graham, 72 F.3d 352, 357 (3d Cir. 1995) (holding that, under the VWPA, the duty to establish payment schedules is non-delegable), cert. denied, 116 S. Ct. 1286 (1996); see also United States v. Mohammad, 53 F.3d 1426, 1438-39 (7th Cir. 1995); United States v. Porter, 41 F.3d 68, 71 (2d Cir. 1994); United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995); United States v. Albro, 32 F.3d 173, 174 n.1 (5th Cir. 1994) (per curiam). A court abdicates its judicial responsibility when it permits a probation officer to determine the manner and schedule of restitution payments. Although we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties, see 28 C.F.R.S 545.10, the plain language of the MVRA, vesting sole authority in the district courts, see 18 U.S.C. S 3664(f)(2) ("[T]he court shall . . . specify . . . the manner . . . and the schedule . . . [of] restitution"), contradicts, and thus overrides, the regulations.

That Graham was decided under the Victim and Witness Protection Act, the former statute setting out the requirements for court-ordered restitution, does not make its conclusion inapplicable here. Unlike the MVRA, the VWPA provides the district courts with discretionary authority to schedule restitution payments. See 18 U.S.C. S 3663(f)(1) (West 1995) ("The court may require that [the] defendant make restitution . . . within a specified period or in specified installments.") (emphasis added). Even under this more lenient standard, Graham holds that the scheduling of restitution payments is non-delegable. We fail to see how the result under the MVRA, which imposes a mandatory obligation on the district court to schedule

7

restitution payments, see 18 U.S.C. S 3664(f)(2) (stating that "the court shall . . . specify . . . the manner . . . and the schedule . . . [of] restitution"), can be any different.

We conclude that the District Court's failure to satisfy the MVRA's mandatory requirements under section 3664(f)(2), and its implicit delegation of its responsibilities to the probation office, constitute plain error. Accordingly, we vacate the restitution order and remand to the District Court for resentencing in light of the factors set forth in the MVRA, 18 U.S.C. S 3664(f)(2).

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

8