UNITED STATES of America

v.

Jaime Luis COLLAZO a/k/a "Jimmy".

Criminal No. 99–00304–01.

United States District Court, E.D. Pennsylvania.

Feb. 3, 2000.

Joseph Poluka, AUSA, Philadelphia, PA. for plaintiff.

Mark S. Refowich, Easton, PA, for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

We have before us the Motion of the Government to Clarify Sentence which was filed January 4, 2000. This memorandum discusses that motion and issues of restitution which pertain to it. In a jury trial which lasted from jury selection on Monday, August 2, 1999 to Monday, August 9, 1999, defendant was convicted of the following counts: one count of conspiracy, in violation of Title 18, United States Code, Section 371; six counts of armed bank robbery, in violation of Title 18, United States Code, Section 2113(d); eight counts of use of a firearm in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1); five counts of money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(l) and (2); and two counts of attempted armed bank robbery, in violation of Title 18, United States Code, Section 2113(d).

The defendant in this case was sentenced to 2,033 months imprisonment by this court on December 22, 1999. Our "Judgment in a Criminal Case" was signed at the time of sentencing and filed on December 22, 1999. In addition, that same day we prepared a Memorandum and Order discussing forfeiture and also discussing briefly our other rulings and findings at sentencing. This memorandum was filed of record on December 28, 1999. The Judgment set forth the following Order and Schedule on pages 7 and 8:

▲ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| FIRST UNION BANK (FORMERLY (CORESTATES) | $162,616.00 | $1,300.00 | |
| HERITAGE NATIONAL BANK | 7,944.00 | 60.00 | |
| PATRIOT BANK | 17,900.00 | 140.00 | |
| BLUE BALL NATIONAL BANK | 44,950.00 | 360.00 | |
| THE HARTFORD | 12,695.00 | 100.00 | |
| ICI SECURITY SYSTEMS | 5,050.00 | 40.00 | |
| **TOTAL** | $251,155.00 | $2,000.00 | |

The payee names and first two columns of this schedule were also set forth on page 3 of our memorandum filed December 28, 1999. We also had expressly stated the same schedule on the record at the time of sentencing.

In addition to the order of restitution and schedule set forth above, the Judg-

ment also contained the following statement at page 9:

> THE SPECIAL ASSESSMENT SHALL BE PAID IMMEDIATELY. IF DEFENDANT IS EMPLOYED WHILE IN PRISON, THE TOTAL MONETARY SUM SHALL BE PAYABLE UNDER THE FEDERAL BUREAU OF PRISONS INMATE FINANCIAL RESPONSIBILITY PLAN. DEFENDANT IS LIABLE FOR FULL RESTITUTION UNDER 18 U.S.C. SECTION 3664(f).[1]

No entries were made in the Installment Payment Schedule E set forth just above this language. While our Judgment may not be a model of clarity and does not repeat all the detailed findings we made at sentencing, it must be remembered that all district judges are forced to use a uniform computer program to enter judgment in criminal cases. This program has limits on what can be entered in particular spaces and different parts of our order appear at different places.

Although our memorandum which was filed on December 28, 1999 dealt primarily with forfeiture, it did contain certain background information in summary form which helps to further understand our judgment. In particular, the memorandum states, at page 2:

> Mindful of the extensive trial evidence, we made detailed findings on the record which pertained to restitution. As part of those findings, we expressly noted and adopted the paragraphs of the presentence report which pertained to restitution: ¶¶ 8–69, ¶¶ 194–203, ¶¶ 214–216. We also found the defendant liable for full restitution under 18 U.S.C. § 3664(f) in the full total loss amount of $251,155.00 and judgment may be entered against him in this full amount. Nevertheless, it appears that the defendant will spend the rest of his life in

prison. Even though the defendant is liable for full restitution, if he works while he is incarcerated, the most the presentence report indicated that defendant could apply to restitution is $150.00 per year. Presentence Report ¶ 203. The Third Circuit has said that installment payments must be based upon realistic expectations. *United States v. Copple*, 74 F.3d 479, 484 (3d Cir.1996). Assuming the defendant works in prison through age 65, the most he could realistically be expected to earn is $4,200.00. The $4,200 was one-half of the total of $8,400 the defendant could earn in 28 years at the rate of $300 per year. We then applied $2,200.00 out of the defendant's expected earnings in prison to pay the special assessment of $2,200.00, and the balance of $2,000.00 to restitution. The detailed findings we made on the record at sentencing are as follows:

> THE COURT: ... I note issues of restitution and I'm placing the burden on the government to prove the amount of the loss and the relationship of the defendant to that loss. I'm placing the burden on the defendant to prove his financial needs and ability to pay. The government and defense may present evidence or rely on existing evidence. There's been an indication that they do not wish to present anything.

> I adopt the Pre–Sentence Report and, in particular, I adopt and credit paragraphs 8 through 69, 194 through 203, and 214 through 216. I note that no objections were filed to restitution. I've taken into account the evidence presented during the trial. I find that in view of the guideline range, the period of time the defendant is facing is such that I believe he would have the ability to earn—realistically earn—up to $300 per year in prison and pay up to $150 a year. I believe he's 36 years old, he could

---

**1.** The statement also noted the effective date of the Mandatory Victim Restitution Act (April 24, 1996) and further briefly noted that each victim is entitled to have a judgment entered against the defendant in the amount of each victim's loss set forth in the Schedule in the "Total Amount of Loss" column. 18 U.S.C. § 3664(m)(1)(B).

work for approximately 28 years and earn approximately $4,200 while he's in prison.

In addition, I note that there is conduct here after April 24th of 1996. The defendant is liable for full restitution under 28 U.S.Code, Section 3664(f) and judgment may be entered against him in the total loss amount. I find the defendant is unable, because of the period of imprisonment facing him, to pay full restitution. And an additional finding that I make is that taking into account each of the defendant's economic circumstances and level of contribution to the loss, I find the defendant liable to pay 50 percent proportionate restitution because there were two defendants.

In addition, I make another finding, taking into account each victim's loss and economic circumstances, I find that each victim should receive restitution proportionate to each loss amount. I find that each victim was directly and proximately harmed by the defendant. Restitution is allocated as follows:

First Union Bank, which was CoreStates—and which is named in Counts 2, 14 and 16, I find that two defendants were involved in that and all the robberies, and I find the total loss amount as to First Union Bank to be 1–6–2–6–1–6— $162,616. I find as to Heritage National Bank, the total loss amount to be $7,944; as to Patriot Bank, the total amount to be $17,900; as to Blue Ball National Bank, the total loss amount to be $44,-950; as to the Hartford, I find the total loss amount to be $12,695, which was related to the Blue Ball National Bank robbery; and as to ICI Security Systems, which again is related to Blue Ball

National Bank, I find the amount to be $5,050, for a total amount of 2–5–1–1–5–5. $251,155 is the total loss amount and I have explained the apportionment on the record. As to the amount that the defendant would pay, that would be very limited and I will make those further findings further on in these proceedings.

. . . .

The Court makes the following final findings, inasmuch as the Court has calculated that the highest reasonable amount the defendant could earn if he is employed while prison is $4,200 and, inasmuch as $2,200 of that will be needed to pay the special assessment, the remaining $2,000 is allocated as follows:

The First Union Bank, $1,300; to Heritage National Bank $60; to Patriot Bank $140; to Blue Ball National Bank $360; to the Hartford $100—I'm sorry, to—yes, the Hartford $100 and to ICI Security Systems $40, for a total of $2000.

Sentencing Transcript 12/22/99, at 6–8, 21.

██ In the motion before us, the government seeks, on page 3 of its brief, to have us correct our prior judgment, under Fed.R.Crim.P. 35(c),[2] claiming that there are two technical errors with regard to restitution: (1) the government would like the Amount of Restitution Ordered column set forth above and on page 7 of our Judgment corrected to match exactly the Total Amount of Loss column next to it; and (2) the government would like part E of the Schedule of Payments on page 9 of our Judgment corrected to set forth our order at sentencing that the defendant, while in prison, pay $150.00 a year towards

---

2. Fed.R.Crim.P. 35(c) provides:

> (c) CORRECTION OF SENTENCE BY SENTENCING COURT. The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

Although it has been more than 7 days since we imposed our sentence, the Third Circuit has held that we have a reasonable amount of time to decide a timely motion under this rule. *Diggs v. United States,* 740 F.2d 239, 241 (3d Cir.1984); *Gov't of Virgin Islands v. Gereau,* 603 F.2d 438, 442, n. 2 (3d Cir.1979). We deem the motion to be timely filed after our December 28, 1999 memorandum. Furthermore, the problems asserted are really clerical mistakes which can be addressed at any time under Fed.R.Crim.P. 36.

restitution and his special assessment. The government bases this request upon the Mandatory Victim Restitution Act ("MVRA") which it claims applies in this case.

■ We agree with the government that the MVRA applies in this case. We noted that this was the case at sentencing because there was conduct which occurred on or after April 24, 1996. Restitution is punishment and may not be applied retrospectively. *United States v. Edwards,* 162 F.3d 87, 92 (3d Cir.1998). As we expressly stated at page 2 in our memorandum of December 23, 1999, "We also found the defendant liable for full restitution under 18 U.S.C. § 3664(f) in the full total loss amount of $251,155.00." We had the MVRA and the case of *United States v. Coates,* 178 F.3d 681, 684 (3d Cir.1999), in mind when we took this action.

Without question, 18 U.S.C. § 3664(f)(1)(A) provides "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." In similar fashion, *Coates* notes:

> The MVRA makes restitution mandatory for certain crimes, *see* 18 U.S.C. § 3663(A)(1), and requires district courts to order the payment of restitution in the full amount of the victim's losses "without consideration of the economic circumstances of the defendant." *See* 18 U.S.C. § 3664(f)(1)(A); *see also United States v. Jacobs,* 167 F.3d 792, 796 (3d Cir.1999) (stating that MVRA's "clear and unambiguous mandatory language" requires defendants to pay full restitution to their victims).

*Coates,* at 683.

Nevertheless, 18 U.S.C. § 3664(f)(2) and (f)(3)(A) provide further:

> (f)(2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the

manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—

> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

> (B) projected earnings and other income of the defendant; and

> (C) any financial obligations of the defendant; including obligations to dependents.

> (3)(A) A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.

*Coates* also goes on to hold:

> After ordering full restitution, the district court "shall specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." *See* 18 U.S.C. § 3664(f)(2); *see also United States v. Crandon,* 173 F.3d 122, 127 n. 3 (3d Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 138, 145 L.Ed.2d 118 (1999) ("[A]fter ordering full restitution, the district court must set a payment schedule"). In so doing, the district court is required to consider the financial resources, projected earnings, and financial obligations of the defendant. *See* 18 U.S.C. § 3664(f)(1)(A)–(C). The court may order the defendant to make a single lump-sum payment, reasonable periodic payments, or, if the defendant is indigent, nominal periodic payments. *See* 18 U.S.C. § 3664(f)(3)(A), (B).

*Coates,* at 683, 684.

Because of *Coates* and the above statute, we made detailed findings on the record at the time of sentencing with regard to the defendant's financial resources, assets, financial obligations and projected earnings. We will not repeat them again here beyond noting that the defendant had no net worth and as we stated on page 2 of our memo-

randum filed on December 28, 1999, "It appears that the defendant will spend the rest of his life in prison. Even though the defendant is liable for full restitution, if he works while he is incarcerated, the most the presentence report indicated the defendant could apply to restitution is $150.00 per year."

▇▇▇ We agree with the government that even though we stated it on the record and in our prior memorandum, in a technical sense our Judgment should have set forth defendant's $150.00 a year obligation in the form of monthly installments of $12.50 to be paid during imprisonment. We will correct this clerical error although we believe that our prior findings sufficiently comply with the requirement of *Coates* that we not delegate the setting of a payment schedule to prison authorities:

> A court abdicates its judicial responsibility when it permits a probation officer to determine the manner and schedule of restitution payments.[3] Although we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties, *see* 28 C.F.R. § 545.10, the plain language of the MVRA, vesting sole authority in the district courts, *see* 18 U.S.C. § 3664(f)(2) ("[T]he court shall ... specify ... the manner ... and the schedule ... [of] restitution"), contradicts, and thus overrides, the regulations.

*Coates*, at 685. We will make the correction by placing the following language in our memorandum:

> While defendant is in prison, restitution shall be payable at the rate of $12.50 each month under the Federal Bureau of Prisons Inmate Financial Responsibility Plan. Furthermore, the defendant is liable to each victim for full restitution under 18 U.S.C. § 3664(f) in the amounts set forth in the Total Amount of Loss column on page 7 of this Judgment. Judgment may be entered pursuant to 18 U.S.C. § 3664(m)(1)(B) at the request of a victim in the Total Amount of Loss column on page 7 of this Judgment.

We have some concerns about the government's second request that we modify the Schedule of Payments set forth on pages 7 and 8 of our Judgment by repeating in the Amount of Restitution Ordered column the exact same dollar amounts set forth in the Total Amount of Loss column. If we have not made it clear at sentencing and in our prior memorandum, we believe we have now made it clear in this memorandum that the defendant is obligated to pay the total amount of each victim's loss as set forth in column 1 of the Schedule.

We have concerns because we are required by *Coates* to order reasonable periodic payments for some defendants. It would seem that the apportionment of these payments should be set forth at some place in our Judgment. In addition, there are other situations in which we are required to order apportionment among defendants and order different payment schedules for victims:

> (h) If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's

---

**3.** The Third Circuit held, in *United States v. Graham*, 72 F.3d 352, 357 (3d Cir.1995), that the court cannot delegate the manner and schedule of restitution payments to a probation officer. Two other circuits have reached a different result. *United States v. Barany*, 884 F.2d 1255, 1260 (9th Cir.1989), *cert. denied*, 493 U.S. 1034, 110 S.Ct. 755, 107 L.Ed.2d 771; *United States v. Fuentes*, 107 F.3d 1515, 1528 n. 25 (11th Cir.1997). We respectfully note that the approach taken by *Graham* presents many practical problems for the district court. It is often difficult to predict what a defendant's earning ability will be when placed on supervised release if his release from prison will not occur for many years. How are we to enforce our order during imprisonment if the defendant refuses to work or the Bureau of Prisons does not provide employment?

loss and economic circumstances of each defendant.

(i) If the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim. In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.

18 U.S.C. § 3664(h) and (i).

■ This must also be set forth at some place in our Judgment. The most logical place to set these types of things forth when we order them would seem to be in the Amount of Restitution Ordered column.[4] We are aware of no rule or statute that directs exactly what is to be placed in this column and we believe the formulation is a matter committed to our discretion. Notwithstanding our concerns, in exercising our discretion we believe it is more important to follow the approach being used by our Probation Office. We have contacted the officials in the Administrative Office of the United States Courts and they inform us that they consider the Amount of Restitution Ordered column to be outmoded in view of the dictates of the MVRA. They further indicated that for the sake of clarity they believe that the Amount of Restitution Ordered column should conform exactly to the Total Amount of Loss column when the MVRA applies. Accordingly, we will correct the entries in this column in our Judgment.

---

**4.** Even though the defendant is liable for full restitution, we recognize that he had committed each offense with another defendant. For that reason we noted that, if he and another defendant were each capable of paying full restitution, each one would only be liable to pay 50%. We have not set this forth in our Judgment because the defendant will not be able to pay anything approaching 50% of the total amount of loss for each payee.