**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lukumon A. AYANTAYO,**
**Defendant–Appellant.**

No. 99–2321.

United States Court of Appeals,
Sixth Circuit.

Sept. 27, 2001.

Before RYAN and BOGGS, Circuit Judges; WILLIAMS, District Judge.*

Lukumon A. Ayantayo, proceeding pro se, appeals his conviction and sentence for committing bank fraud in violation of 18 U.S.C. § 1344. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ayantayo pleaded guilty pursuant to a written plea agreement on March 12, 1999. The parties had agreed that any term of incarceration would not exceed 13 months and that the court could order restitution of approximately $28,000. Neither the defendant nor the government submitted objections to the presentence investigation report, which calculated the guideline range of imprisonment as 10 to 16 months and the amount of restitution as $22,080. At sentencing on September 16, 1999, the district court sentenced Ayantayo to 13 months in prison, 3 years of supervised release, $22,080 in restitution, and a $100 special assessment.

In his brief on appeal, Ayantayo argues that the prosecutor's misconduct substantially influenced the grand jury's decision to indict and that the district court made several errors in ordering restitution. Ayantayo requests oral argument. The government has moved to strike Ayantayo's brief.

■ Ayantayo did not raise his prosecutorial misconduct argument in the district court. As Ayantayo did not enter a conditional plea reserving the right to raise this issue on appeal, he has forfeited all non-jurisdictional attacks on his conviction. *See United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir.2000). A guilty plea represents a break in the chain of events which preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct.

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

1602, 36 L.Ed.2d 235 (1973). This includes due process claims of prosecutorial misconduct unless it appears from the face of the indictment or the record at the time the guilty plea was entered that the government lacked the power to prosecute. *United States v. Broce,* 488 U.S. 563, 574–75, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). No such infirmity exists in this case.

Ayantayo asserts that the district court erred by ordering restitution despite his indigence and the lack of a victim. He further argues that the district court erred by delegating the specification of a payment schedule to the probation officer. However, Ayantayo did not raise any objections at sentencing when the district court ordered restitution. Where a criminal defendant fails to object below, the defendant must show that the sentencing error was plain before this court may exercise its discretion to correct the error. *See* Fed.R.Crim.P. 52(b); *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir. 1998).

No error occurred. Where, as here, restitution is ordered pursuant to the Mandatory Victims Restitution Act of 1996 (MVRA), the district court must order restitution in full without consideration of the economic circumstances of the defendant. *See* 18 U.S.C. § 3664(f)(1)(A). The district court identified the victims of Ayantayo's bank fraud scheme at sentencing as Standard Federal Bank, Old Kent Bank, and First Federal of Michigan. Financial institutions are considered victims for purposes of the MVRA. *See, e.g., United States v. Alalade,* 204 F.3d 536 (4th Cir .), *cert. denied,* 530 U.S. 1269, 120 S.Ct. 2736, 147 L.Ed.2d 997 (2000); *United States v. McIntosh,* 198 F.3d 995 (7th Cir.2000). Finally, the district court did not impermissibly delegate specification of the payment schedule to the probation officer, but merely sought a recommendation and retained final approval over the schedule.

*See* 18 U.S.C. § 3664(f)(2); *United States v. Coates,* 178 F.3d 681, 685 (3rd Cir.1999); *United States v. Blake,* 81 F.3d 498, 507 (4th Cir.1996).

Accordingly, Ayantayo's request for oral argument is denied, the government's motion to strike Ayantayo's brief is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.