

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2002

# USA v. Rabinovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Rabinovich" (2002). *2002 Decisions.* Paper 378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 01-3979
_____

UNITED STATES OF AMERICA

v.

YAKOV RABINOVICH,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 99-cr-00552)
District Judge: Honorable Herbert J. Hutton
_____

Submitted Under Third Circuit LAR 34.1(a)
on June 13, 2002

Before:  ROTH, RENDELL and ROSENN, Circuit Judges,

(Filed July 9, 2002)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Yakov Rabinovich pled guilty to one count of mail fraud in violation of 18 U.S.C.  1341.  As part of his sentence, the District Court ordered him to pay $170,000 in restitution to six injured insurance companies.  On appeal, he challenges the propriety of that restitution order.  We will affirm.

The District Court exercised jurisdiction pursuant to 18 U.S.C.  3231.  We have jurisdiction under 18 U.S.C.  1291.  We review de novo whether the award was permitted by law, but we consider the appropriateness of the amount by an abuse of discretion standard.  United States v. Simmonds, 235 F.3d 826, 829 (3d Cir. 2000).  Because defendant did not object to the restitution order at the sentencing hearing, we will review for plain error.  United States v. Coates, 178 F.3d 681 (3d Cir. 1999).

The District Court based its restitution order on the loss amount provided in the presentence investigation report ("PSI"), and adopted the allocation suggested by the Assistant U.S. Attorney in her September 24, 2001 letter.  On appeal, Rabinovich makes a general challenge to the restitution order, and specifically raises three alleged deficiencies to the Court's calculation and allocation of the restitution:  first, the amount in the PSI was a "guesstimate;" second, the time frame upon which the loss was based was not that of the "relevant conduct;" and, third, the District Court failed to make the necessary findings.

The government contends that Rabinovich did not raise these, or any other objections to the calculation and allocation of the restitution in the District Court, and we agree.  The Court provided Rabinovich's counsel many opportunities to dispute the figures in the presentencing report and the allocation of these amounts presented in the Assistant U.S. Attorney's September letter.  For example, the Court asked: "Have you any objection to [the PSI's] content?"  Defense counsel responded: "None, sir."  Additionally, after the probation officer who drafted the PSI agreed with the Court that the restitution

figure was a "guesstimate," the Court immediately asked both defense counsel and the Assistant U.S. Attorney, "do you wish to comment on any of this?"  Defense counsel responded:  "No, your Honor, thank you."  App. at 80.  Finally, in a letter to the Court on September 25, 2001, defense counsel specifically stated that the defense did not challenge the victim allocation set forth in the September 24, 2001 letter.  The Court originally ordered restitution in the amount of $262,000, but thereafter reduced it to $170,000 based on Rabinovich's inability to pay the larger amount.

Accordingly, Rabinovich having been presented with repeated opportunities to object to the factors underlying the court's restitution order, and explicitly agreeing with the District Court's determination, we find that he waived his right to challenge the amount of the loss and the relevant time frame.  See, e.g., United States v. Cannistraro, 871 F.2d 1210, 1214 (3d Cir. 1989) ("By failing to contest the underlying factors used by the district court imposing the order of restitution, Cannistraro has waived his right to contest this order.").  Further, his argument that the Court's restitution order was deficient because it lacked the necessary findings is subject to plain error review and we find none.

Accordingly, we will affirm the order of the District Court.

_____

TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.

/s/ Majorie O. Rendell
Circuit Judge