

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# USA v. Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Fisher" (2007). *2007 Decisions*. Paper 1517.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1517

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5353
_____

UNITED STATES OF AMERICA

v.

KEITH FISHER,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of  Pennsylvania
(D.C. No. 01-cr-00203-1)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
February 16, 2007

Before:  SMITH and FISHER, *Circuit Judges*, and DOWD,[*] *District Judge*.

(Filed: March 7, 2007)
_____

OPINION OF THE COURT
_____

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern
District of Ohio, sitting by designation.

FISHER, *Circuit Judge*.

Appellant Keith Fisher argues that the District Court erred by limiting the scope of his hearing on remand to the issue of establishing a payment schedule for restitution. For the reasons set forth below, we will affirm the judgment of the District Court.

I.

Because we write for the parties only, we will forgo a lengthy recitation of the factual and procedural history of this case. Fisher was indicted by a grand jury in the Eastern District of Pennsylvania, which charged him with two counts of bank fraud in violation of 18 U.S.C. § 1344, and aiding in abetting, in violation of 18 U.S.C. § 2. This case, No. 01-203, was consolidated with two additional cases. In one of these additional cases, No. 02-641, Fisher was charged with one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of bank fraud, in violation of 18 U.S.C. § 1344. In the other, No. 03-199, he was charged with four counts of mail fraud, in violation of 18 U.S.C. § 1341, and aiding and abetting, in violation of 18 U.S.C. § 2.

In each of these cases, Fisher pleaded guilty as charged pursuant to written plea agreements that included various Guidelines stipulations, including stipulations to loss under U.S.S.G. § 2B1.1. Prior to sentencing, Fisher filed a motion to withdraw his plea agreement stipulations as to loss. On July 17, 2003, the District Court held a sentencing hearing. At that hearing, the District Court denied Fisher's motion to withdraw his stipulations as to loss. It imposed a sentence with terms of ninety-six months of

2

imprisonment and sixty months of imprisonment to run concurrently, a term of five years supervised release, $800 in special assessments, and restitution totaling $408,501.19.

Fisher appealed the judgments of conviction and sentence. In two of these appeals, Nos. 03-3165 and 03-3169, we granted the Government's motions to dismiss based on appellate waivers conceded by Fisher in his plea agreements. In a third appeal, No. 03-3164, Fisher argued, and the Government agreed, that the District Court should have established a payment schedule for the restitution ordered. On February 4, 2005, we remanded the case for that limited purpose. *See United States v. Fisher*, No. 03-3164, 2005 U.S. App. LEXIS 1848 (3d Cir. 2005). Fisher then filed a petition for rehearing in which he raised, inter alia, the same challenges as to the scope of remand that he raises in this appeal. On March 18, 2005, we denied that petition.

On remand, Fisher again challenged the scope of the hearing and requested that the District Court revisit its determination as to the amount of restitution required and reopen the sentencing proceedings. The District Court rejected this challenge, stating that the mandate from this Court directed it to do one thing only – establish a payment schedule for the entire amount of restitution. After hearing argument from both parties, the District Court ordered Fisher to begin paying $100.00 per month after his release from custody, to be applied to the full amount of restitution. Fisher filed a timely notice of appeal.

II.

The District Court had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231 and we have jurisdiction over the matter under 28 U.S.C. § 1291. We review de novo the question of whether the District Court properly limited the scope of the hearing on remand to the issue of establishing a payment schedule for the full amount of restitution. We need not devote much analysis to this question as we have already addressed it. In our previous opinion, we dismissed Fisher's substantive appeal as frivolous but noted that counsel's *Anders* brief correctly pointed out that the District Court failed to set a payment schedule for the total required restitution of $408,501.19, as is required by 18 U.S.C. § 3664(f)(1)(A)(2). We remanded the case "for the limited purpose of establishing a payment schedule for restitution." *Fisher*, No. 03-3164, 2005 U.S. App. LEXIS 1848 at *11.

The record before us indicates that the District Court did precisely what we directed it to do – it established a payment schedule for the full amount of restitution previously ordered. Fisher asserts that our order only remanded one of his cases, the one that survived dismissal, for scheduling of restitution payment. This is clearly incorrect. We found that the District Court had erred in failing to set a payment schedule not for only a part of the restitution ordered, which was $6,500 for the case that survived dismissal, but "for the total required restitution of $408,501.19," and remanded for

4

correction of that error.[1]  *Id.*  In addition, it was not erroneous for the District Court to refuse Fisher's request to revisit its determination of the restitution amount or reopen the entire sentencing hearing.  To the contrary, it would have been erroneous for the District Court to grant that request given our clear mandate to limit the proceedings to the issue of establishing a payment schedule.  *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) ("It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal.") (citations omitted).

III.

For the foregoing we reasons, we will affirm the judgment of the District Court.

---

[1]Fisher cites to case law establishing that 18 U.S.C. § 3664(d)(5) requires the district court to enter a restitution order within 90 days of sentencing.  *See*, *e.g.*, *United States v. Maung*, 267 F.3d 1113 (11th Cir. 2001).  In this case, the District Court did so and we reject Fisher's assertion that a failure to also determine a payment schedule for a restitution order means that the order itself is "void at inception."  The appropriate remedy for a district court's failure to impose a restitution payment schedule is a limited remand to correct that error, *United States v. Coates*, 178 F.3d 681 (3d Cir. 1999), which is the remedy we have already provided.