

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2007

# USA v. Perez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Perez" (2007). *2007 Decisions.* Paper 110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2036
_____

UNITED STATES OF AMERICA

v.

JUAN MANUEL PEREZ,

Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00409)
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
November 29, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,* District Judge.

(Filed: December 10, 2007)
_____

OPINION
_____

FUENTES, Circuit Judge.

--------------------

*Honorable Paul S. Diamond, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Juan Manuel Perez appeals the District Court's final judgment imposing, in part, restitution in the amount of $73,476. We have jurisdiction under 18 U.S.C. § 3742(a). We review the validity of an appellate waiver de novo. See United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). Where the defendant did not object to the restitution order at sentencing, this Court reviews for plain error. See United States v. Coates, 178 F.3d 681, 683 (3d Cir. 1999). For the reasons that follow, we find that Perez waived his right to appeal and we will affirm the judgment of conviction and sentence.

On May 20, 2005, a federal grand jury returned an indictment against Perez charging him with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). On July 8, 2005, Perez entered into a plea agreement which, in part, waived his right to appeal his sentence except in limited circumstances. Specifically the plea agreement provided:

> Juan Manuel Perez knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13.

A43 ¶7.

Perez signed the plea agreement on July 8, 2005 and pled guilty to one count of wire fraud on October 4, 2005 pursuant to the agreement. On March 15, 2006, the District Court sentenced Perez to a term of 41 months imprisonment followed by a term of three years of supervised release. The District Court also ordered Perez to pay

2

restitution in the amount of $73,476. At the sentencing hearing, Perez did not object to the restitution order. Despite the fact that Perez waived his right to appeal, he filed this appeal challenging the District Court's order of restitution.

On appeal, Perez argues that the waiver of appeal provision does not bar his challenge of the validity of the restitution order because it should be narrowly construed to bar only challenges to the conviction and duration of confinement. Perez also argues that the District Court's factual determinations underlying its order of restitution were made by a preponderance of the evidence and that, under United States v. Booker, 543 U.S. 220 (2005), any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury or admitted by the defendant, which was not the case here.

The government argues that the plea agreement waiver bars Perez's appeal of the District Court's restitution order because this Court held in United States v. Leahy, 438 F.3d 328 (3d Cir. 2006) (en banc), that restitution is a component of a criminal sentence. The government also argues that even if Perez did not waive his right to appeal, Perez's argument that the District Court's judicial fact-finding to support the restitution order was a violation of his Sixth Amendment rights was also rejected in Leahy, which is controlling precedent in this Circuit.

We find Perez's assertion that the waiver of appeal provision only bars challenges to the conviction and duration of confinement to be without merit. In Leahy, 438 F.3d at 333-35, this Court reaffirmed that restitution ordered as part of a criminal sentence is a

3

criminal penalty. Here, in imposing the sentence, the District Court ordered that Perez pay restitution and set forth that aspect of his punishment in the judgment. Thus, the appellate waiver applies to the restitution order, a component of Perez's sentence. In waiving his right to appeal his sentence, Perez also waived his right to appeal the restitution order, and therefore we will affirm the judgment of conviction and sentence.

We also find that Perez's argument that because the District Court's restitution order was based on a preponderance of the evidence, his Sixth Amendment rights were violated to be meritless. In Leahy, this Court held that "restitution . . . is not the type of criminal punishment that evokes Sixth Amendment protection under Booker . . . [and] the amount a defendant must restore to his or her victim need not be admitted by the defendant or proved to a jury beyond a reasonable doubt." 438 F.3d at 331. Thus, the District Court's restitution determination was not plain error.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.