**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1448
_____

VERNON DOUGLAS,
                                        Appellant

v.

RICARDO MARTINEZ, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-01188 )
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2010
Before:  AMBRO, HARDIMAN AND STAPLETON, Circuit Judges

(Opinion filed: November 30, 2010)

_____

OPINION
_____

PER CURIAM

Vernon Douglas appeals from the denial of his habeas corpus petition by the

United States District Court for the Middle District of Pennsylvania.  For the reasons that

follow, we will affirm the District Court's order.

1

I.

On May 18, 2006, Douglas was sentenced in the United States District Court for the Middle District of Pennsylvania to a term of life imprisonment for drug and firearm possession and related crimes. A $500 felony assessment was also imposed, to be paid in a lump sum payment "due immediately."[1] Criminal Judgment 4. On September 13, 2006, Douglas made a payment toward his court-ordered special felony assessment in the amount of $25.00. He made a second payment of $25.00 on December 12, 2006. Douglas made no further payments and was subsequently placed in "IFRP Refuse" status. On October 6, 2008, Douglas's life imprisonment sentence was vacated and he was re-resentenced to an aggregate term of 220 months of imprisonment and ordered to pay a $500 felony assessment. No restitution or other fines were imposed.

On June 23, 2009, Douglas filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the authority of the Federal Bureau of Prisons ("BOP") to set a payment schedule through its Inmate Financial Responsibility Program ("IFRP") for the $500 special assessment imposed by the sentencing court. He argued that only the sentencing court has authority to issue orders regarding the collection of criminal fines, special felony assessments, and restitution, and that the BOP cannot force inmates to make

---

[1] The order of judgment further stated that: "Unless the court order has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court."

payments, or impose sanctions against inmates who do not make payments via the IFRP. The District Court denied the petition as meritless.[2] Douglas timely appealed.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

## III.

On appeal, Douglas argues that the BOP failed to provide him with due process before placing him in IFRP, in violation of his constitutional rights.[3] He cites United States v. Coates for the proposition that the sentencing court cannot delegate to the BOP the authority to set the schedule of restitution payments. 178 F.3d 681, 685 (3d Cir.

---

[2] In its order denying Douglas's habeas petition, the District Court also addressed two additional claims Douglas had raised for the first time in his objections to the Report and Recommendation: a challenge to the dismissal of his civil rights suit (M.D. Pa. No.08-cv-0140) (M.D. Pa.), and a claim that the five-year statute of limitation period during which the special assessment may be collected has expired. Douglas does not reference either of these claims in his arguments on appeal. Nonetheless, we have reviewed the record and agree with the District Court's conclusion that Douglas cannot challenge the dismissal of a prior law suit in a § 2241 petition. We also agree with the District Court that, because Douglas was re-sentenced on October 6, 2008, the five-year statute of limitations on collection of a special assessment has not expired, and Douglas is obligated to make payments until October 2013.

[3] Douglas's claim falls within the purview of 28 U.S.C. § 2241, which permits a petitioner to attack the execution of his sentence. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005) (surveying Circuit law on what constitutes a challenge to the execution of a sentence under § 2241); see also Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that a claim challenging a payment schedule imposed via the IFRP concerned the execution of

3

1999); see also 18 U.S.C. § 3664. In Coates, we held that, under the Mandatory Victims Restitution Act ("MVRA"), the sentencing court cannot delegate the scheduling of *restitution* payments to a probation officer or to the BOP because the fixing of restitution payments is an exclusively judicial act. More recently, we held that a sentencing court impermissibly delegates its authority when it orders immediate payment of restitution with knowledge that the defendant could not make immediate payment in full. See United States v. Corley, 500 F.3d 210, 226-27 (3d Cir. 2007), vacated on other grounds, ___U.S. ___, 129 S. Ct. 1558 (2009). These holdings are based on 18 U.S.C. § 3664(f)(2), which provides that, "in consideration of" the defendant's financial resources, the sentencing court "shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." See Coates, 178 F.3d at 684; Corley, 500 F.3d at 227.

However, Douglas's claim does not arise from an order of restitution. Instead, he is challenging the BOP's authority to set payments of his $500 special felony assessment. This special felony assessment is mandatory under 18 U.S.C. § 3013(a)(2)(A), and is to be "collected in the manner that fines are collected in criminal cases." 18 U.S.C. § 3013(b). The Attorney General is responsible for the collection of criminal fines imposed under § 3013. See 18 U.S.C. § 3612(c). Thus, the collection of a special assessment is governed by 18 U.S.C. § 3572(d)(1), which provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment

petitioner's sentence and was correctly brought under § 2241).

4

immediately, unless . . . the court provides for payment on a date certain or in installments." However, we have not held that a sentencing court is required to set a schedule for the payment of a special assessment, nor have we held that § 3572(d) precludes a sentencing court from delegating the scheduling of such payments to the BOP through its IFRP program. In fact, federal regulation 28 C.F.R. § 545.10 explicitly permits the BOP to "assist the inmate in developing a financial plan for meeting" his or her "legitimate financial obligations." In Coates, we held that the language of 18 U.S.C. § 3664(f)(2) directing the court to specify the manner and schedule of restitution payments "contradicts, and thus overrides, the regulations." 178 F.3d at 685. However, we have not extended that holding to special felony assessment payments which are governed instead by § 3572(d)(1). See Coates, 178 F.3d at 684 (distinguishing between § 3572(d)(1) and the affirmative requirement for the sentencing court to set a payment schedule under the MVRA).

IV.

For the foregoing reasons, we will affirm the order of the District Court.

5