

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2003

# USA v. Akinola

Precedential or Non-Precedential: Non-Precedential

Docket 02-2105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Akinola" (2003). *2003 Decisions.* Paper 650.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/650

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO.  02-2105
_____

UNITED STATES OF AMERICA

v.

KOLE AKINOLA,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00013)
District Judge: Honorable  Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2003
Before:  RENDELL, AMBRO, and MAGILL*, Circuit Judges.

(Filed April 16, 2003)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

On January 9, 2002, Kole Akinola, pursuant to a written plea agreement,

_____

   \*   Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

waived prosecution by indictment and pled guilty to a one-count Information filed in the

District of New Jersey, charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. On April 8, 2002, the District Court sentenced Akinola principally to time served and ordered him to pay restitution in the amount of $46,249.25. Akinola was denied bail during his pretrial proceedings and, therefore, had been in custody since May 25, 2001. He now appeals from his conviction and sentence. The District Court had jurisdiction under 18 U.S.C. § 3231, and we now exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Akinola has filed a pro se brief presenting a number of possible grounds for appeal, and counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that Akinola's appeal presents no non-frivolous issues and requesting to withdraw as counsel. In reviewing an Anders brief, we must determine if counsel adequately presented his client's case and if an independent review of the record reveals any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Counsel's brief properly identifies those issues that might possibly support an appeal. After our independent review of the record, we agree that each of these issues is frivolous.

Akinola's counsel first questions whether Akinola's guilty plea was properly accepted by the District Court under Federal Rule of Criminal Procedure 11. Rule 11 requires the court to address the defendant in open court, ensuring that he understands his rights, the charges against him, the penalties, and the sentencing guidelines, and that his plea is made voluntarily. Fed. R. Crim. P. 11. As illustrated in the record and in counsel's brief, the District Court fulfilled the requirements of Rule 11. In open court, the District Court

2

advised Akinola of his rights and found that he understood them. The Judge reviewed the possible penalties and informed the defendant that the Court would use sentencing guidelines to determine his sentence. Additionally, Akinola was told of the possibility of restitution, of a term of supervised release, and of the consequences of violating these provisions. The Court, therefore, properly accepted Akinola's guilty plea.

Defendant's counsel also identifies as an issue the possibility that Akinola's sentence was imposed in violation of the law or as a result of an incorrect application of the sentencing guidelines. The applicable guideline range was stipulated in the plea agreement and the District Court properly sentenced Akinola within the appropriate range. Neither Akinola nor his counsel have identified any defect in the sentencing calculation.

Counsel addresses the possible argument that he rendered ineffective assistance in his representation of Akinola and, in his pro se brief, Akinola does in fact raise this issue. Ineffective assistance, however, is not normally considered on direct appeal, and we will not do so here where the record fails to inform us on this issue. See United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002) (stating that claims for ineffective assistance of counsel should be raised in a separate proceeding under 28 U.S.C. § 2255 rather than on direct appeal); United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998) (refusing to review an ineffective assistance of counsel claim on direct appeal without sufficient record to dispose of the claim).

In his brief, Akinola argues that his constitutional right to due process was violated when the court denied him bail during the pre-conviction proceedings. This claim is moot

3

as a result of Akinola's conviction. See Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (holding that a plaintiff's claim to *pretrial* bail is moot once the plaintiff is convicted).[1]

Akinola also argues that insufficient proof was offered to support the order of restitution in the amount of $46,249.25. As Akinola did not raise this issue at sentencing, our review is for plain error only. See United State v. Coates, 178 F.3d 681 (3d Cir. 1999) (finding that the Court must review the District Court's order for restitution for plain error when the defendant fails to object to the order at the sentencing hearing). The defendant stated in court that he had reviewed and accepted the presentence investigation report. He did not raise any objection to the report, which clearly stated that the amount of the loss by the Banks exceeded $40,000, but was not more than $70,000. The presentence report also indicated that the counterfeit checks that Akinola and his partners were responsible for cashing totaled $46,249.25. The District Court did not commit plain error in basing its restitution order on the unchallenged information contained in the presentence report. See United States v. Gibbs, 190 F.3d 188, 207 n.10 (3d Cir. 1999)

Our review of the record indicates no reason to disturb the judgment of the District Court. We find that counsel, as required by Anders, conducted a conscientious review of the record and correctly concluded that there were no non-frivolous issues for appeal.

---

[1]The Murphy Court acknowledged two exceptions to this mootness doctrine, neither of which apply in the present case. A plaintiff can appeal the denial of his pretrial bail if he is either bringing a class action suit, or if a reasonable probability exists that the party would be subjected to this same type of denial again and "the challenged action was in its duration too short to be fully litigated prior to cessation or expiration." Murphy, 455 U.S. at 482.

Additionally, Akinola, in his brief, did not raise any meritorious claims for appeal. Our independent review of the record did not reveal any non-frivolous claims. We are satisfied that all requirements of the <u>Anders</u> procedure have been met.

Accordingly, we will AFFIRM the Order of the District Court and, in a separate order, will GRANT counsel's motion to withdraw.

_____

TO THE CLERK OF COURT:

      Please file the foregoing Not Precedential Opinion.

              /s/ Marjorie O. Rendell
              Circuit Judge