

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2002

# USA v. Stewart

Precedential or Non-Precedential:

Docket 1-2037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation
"USA v. Stewart" (2002). *2002 Decisions.* Paper 176.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/176

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 14, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2037

UNITED STATES OF AMERICA

v.

ABDUL LEE STEWART,
a/k/a LEE STEWART

Abdul Lee Stewart,

Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-CR-00751)
District Court Judge: Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2002

Before: ALITO, ROTH, Circuit Judges, and
SCHWARZER,* Senior District Judge.

(Opinion Filed: March 14, 2002)
_____

* The Honorable William W Schwarzer, Senior District Judge for the
Northern District of California, sitting by designation.

ELAINE DeMASSE
Assistant Federal Defender
Senior Appellate Counsel

DAVID L. McCOLGIN
Assistant Federal Defender
Supervising Appellate Attorney

MAUREEN KEARNEY ROWLEY
Chief Federal Defender

Federal Court Division
Defender Association of Philadelphia
Suite 800 - Lafayette Building
437 Chestnut Street
Philadelphia, PA 19106-2414

Counsel for Appellant

PATRICK L. MEEHAN
United States Attorney

LAURIE MAGID
Deputy United States Attorney for
 Policy and Appeals

ROBERT A. ZAUZMER
Assistant United States Attorney
Senior Appellate Counsel

MARY E. CRAWLEY
Assistant Untied States Attorney

615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476

Counsel for Appellee

OPINION OF THE COURT

PER CURIAM:

Abdul Lee Stewart confessed to robbing three banks at gunpoint with his co-defendant, Stephen Shakuur. Stewart

carried handguns in the first and third robberies. FBI agents arrested Stewart and Shakuur eleven days after the third robbery, while they were looking for a fourth bank to rob. On March 9, 2000, Stewart appeared in the United States District Court for the Eastern District of Pennsylvania and pled guilty to charges of conspiracy, in violation of 18 U.S.C. S 371 (count 1); three counts of armed bank robbery, in violation of 18 U.S.C. S 2113(d) (counts 2, 3, and 4); and two counts of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. S 924(c)(1) (counts 6 and 9). He pled guilty pursuant to a cooperation plea agreement, but later declined to testify in the trial of his co-defendant, Shakuur. Stewart was sentenced on April 19, 2001, to a term of 572 months in prison, consisting of 188 months on counts 1 to 4, 84 months consecutive on count 6, and 300 months consecutive on count 9. The District Court also imposed five years of supervised release, a special assessment of $600.00, and restitution to the victim banks of $16,249.00.

On appeal, Stewart contests the District Court's imposition of two mandatory consecutive sentences under 18 U.S.C. S 924(c)(1). He argues that when multiple convictions are entered simultaneously, none of the convictions may be considered to be "second or subsequent" convictions for enhanced sentencing purposes under 18 U.S.C. S 924(c)(1)(C). We disagree.

We review Stewart's challenge to his sentence for plain error because he failed to raise this objection below. See Fed. R. Crim. P. 52(b); United States v. Knight , 266 F.3d 203, 206 (3d Cir. 2001) ("[W]here a defendant has failed to object to a purported error before the sentencing court, our review on appeal is only to ensure that plain error was not committed.").

Stewart argues that his sentence was improperly enhanced by the "second or subsequent conviction" provision under 18 U.S.C. S 924(c)(1)(C). 18 U.S.C. S 924(c)(1)(C) provides: "In the case of a second or subsequent conviction under this subsection, the person shall-- (i) be sentenced to a term of imprisonment of not less than 25 years; and (ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a

3

firearm silencer or firearm muffler, be sentenced to imprisonment for life." Stewart's claim is that the enhancement for a "second or subsequent conviction" should not apply to multiple S 924(c) convictions that are entered simultaneously. Thus, although Stewart was convicted on multiple counts, he argues that the sentence enhancement should not apply to him because he was convicted on all counts at the same time. This fact, however, is insufficient to remove this case from the direct control of Supreme Court and Third Circuit precedent.

In Deal v. United States, 508 U.S. 129 (1993), the Supreme Court rejected an argument similar to Stewart's and held that "findings of guilt on several counts are necessarily arrived at successively in time." 508 U.S. at 133 n.1. This conclusion is consistent with this Court's precedent as well. See United States v. Coates , 178 F.3d 681, 683 n.2 (3d Cir. 1999) ("We agree with counsel that Coates's first argument is frivolous. Coates contends that the District Court misapplied 18 U.S.C. S 924(c)(1) by enhancing Coates's sentence on the second weapons conviction even though it arose from the same indictment as his first weapons conviction. Both the Supreme Court and our court have already rejected this argument."); United States v. Casiano, 113 F.3d 420, 424-26 (3d Cir. 1997) (finding sentence enhancement under 924(c)(1)(C) applicable where the second conviction arises from the same criminal episode and involves the same victim as the first conviction). Likewise, we hold here that enhanced sentencing for a "second or subsequent" conviction under 18 U.S.C. S 924(c) applies where the convictions for the first and subsequent S 924(c) offenses are entered simultaneously.

Additionally, Stewart claims that the District Court erred by failing to consider his financial condition and to schedule restitution payments accordingly. The Government concedes that the case should be remanded for the purpose of allowing the District Court to specify the manner in which and the schedule according to which Stewart must meet his mandatory restitution obligation.

Accordingly, the sentence imposed by the District Court is affirmed, but the case is remanded for the purpose of

4

specifying how Stewart should meet his mandatory restitution obligation.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

5