

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2003

# Lutz v. Brennan

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3768

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lutz v. Brennan" (2003). *2003 Decisions.* Paper 457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3768
_____

ROBERT A. LUTZ,
                                        Appellant

v.

EDWARD T. BRENNAN, SUPERINTENDENT OF STATE CORRECTIONAL
INSTITUTE AT ALBION; MICHAEL FISHER, ATTORNEY GENERAL OF
PENNSYLVANIA.


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court Judge: The Honorable Donald J. Lee
(D.C. Civil No. 01-cv-00455)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2003

Before: BARRY, FUENTES, Circuit Judges, and MCLAUGHLIN,[*] District Judge.

(Opinion Filed: June 16, 2003)
_____

OPINION OF THE COURT
_____

_____

[*]Hon. Mary A. McLaughlin, U.S. District Judge for the Eastern District of
Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

In 1992, a Mercer County, Pennsylvania jury convicted Robert Lutz of first degree murder. After a seven-day jury trial, Lutz was sentenced to life imprisonment with no possibility of parole. Following his sentencing, Lutz's case became quite complicated procedurally. We have set forth the procedural history of this case in detail below.[1] After exhausting all of the state remedies available to him, Lutz filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the District Court. On September 6, 2001, the District Court issued a final order dismissing the petition. On November 22, 2002, this Court granted Lutz's request for a certificate of appealability to address the following issues: (1) whether he was denied due process and equal protection when his right to a direct appeal was allegedly denied; (2) whether the District Court properly declined to dismiss the petition as time-barred under 28 U.S.C. § 2244(d); and (3) whether this claim should have been denied on the basis of the Commonwealth's procedural default defense. We conclude that the statute of limitations defense was waived by the Commonwealth, but because Lutz's claim of unconstitutional deprivation of direct appeal rights is procedurally defaulted, we will affirm the denial of this habeas petition.

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A). We exercise plenary review over the District Court's legal conclusions. McCandless v. Vaughn,

---

[1] Because the facts of the underlying conviction are not relevant to the issues on appeal and are familiar to the parties, we have not summarized those facts in this opinion.

-2-

172 F.3d 255, 260 (3d Cir. 1999).

## PROCEDURAL HISTORY

Lutz was convicted in April, 1992. His trial counsel filed timely post-verdict motions on May 4, 1992, and the trial court denied those motions on November 13, 1992. Despite Lutz's request, his attorney failed to appeal the denial of the post-verdict motions (i.e. file a direct appeal) to the Superior Court.

On December 23, 1992, however, Lutz filed several *pro se* motions seeking to amend the trial court's ruling on his post-verdict motions. The trial court viewed Lutz's *pro se* pleadings as a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), and appointed Randall T. Hetrick to represent Lutz. Mr. Hetrick filed a PCRA petition on Lutz's behalf. On November 19, 1993, privately-retained counsel, Stanton D. Levinson, replaced Hetrick as Lutz's attorney of record. On September 23, 1994, the trial court held a PCRA hearing. On March 8, 1995, the trial court granted Mr. Levinson's motion to withdraw. Five days later, the trial court issued an order and opinion reinstating Lutz's right to a direct appeal, *nunc pro tunc*, and denying the issues raised in the PCRA petition. At that point in time, Lutz was unrepresented.

On April 4, 1995, Lutz filed a *pro se* notice of appeal from the March 13, 1995 order, but he failed to indicate that his pleading was actually a direct appeal. On July 17, 1995, the trial court appointed Robert H. Isbell to represent Lutz. On October 10, 1995, the trial court issued an order stating that no further opinions would be forthcoming because the opinions

dated November 13, 1992, and March 13, 1995, addressed all of Lutz's appellate arguments. Soon thereafter, the trial court granted Mr. Isbell's request to withdraw.

Privately-retained counsel, Stephen J. Delpero, entered his appearance on December 5, 1995. Mr. Delpero filed an appellate brief on Lutz's behalf in the Superior Court raising seven issues. The Superior Court denied the appeal on April 1, 1996. Despite the fact that the Superior Court characterized the matter as an appeal from the denial of a PCRA petition rather than a direct appeal, it addressed the merits of each of the seven issues. Mr. Delpero filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court, but the petition was denied.

Lutz then filed a PCRA petition on January 13, 1997, before the Pennsylvania Court of Common Pleas. William G. McConnell was appointed counsel for Lutz. PCRA hearings were conducted on September 29, 1997, and October 7, 1997. The court denied relief on the merits. Mr. McConnell filed a timely appeal to the Superior Court, and raised eight issues. The Superior Court denied the appeal in January 2000, stating:

> Appellant's first PCRA petition resulted in his appellate rights being reinstated *nunc pro tunc*, but all his other requests for post conviction relief were denied. Because appellant failed to file an appeal *nunc pro tunc*, although that relief was granted to him, his judgment of sentence became final at the expiration of time for seeking review, thirty days subsequent to March 8, 1995. Therefore, appellant had one year from April 8, 1995, to file his second petition. Appellant's second petition was not filed until January 13, 1997, over two years after the judgment of sentence was final. Moreover, appellant's petition does not allege, nor does the record reveal that any of the exceptions to the timeliness requirement of Section 9545(b)(1) are applicable. Accordingly, the PCRA court did not err in dismissing appellant's petition without a hearing.

(App. 377-78)

Mr. McConnell filed a motion for reconsideration, in which he argued that Lutz's previous counsel was ineffective for failing to file a direct appeal after having been given leave to do so by the trial court. Despite prior counsel's erroneous characterization of the pleadings, Mr. McConnell argued that "it clearly appears from a review of the content and issues raised in said appeal, that the same was both in actuality and substance a direct appeal *nunc pro tunc* from the trial court's Order denying post-verdict motions dates November 13, 1992." Id. at 389. Mr. McConnell urged the Superior Court to conclude that Lutz's prior appeal was a direct appeal rather than an appeal from the denial of a PCRA petition. Id. The motion was denied on March 16, 2000. Lutz filed a timely *pro se* petition for allowance of appeal to the Pennsylvania Supreme Court, but that petition, too, was denied.

In March of 2001, Lutz filed a petition for writ of habeas corpus raising four claims: (1) denial of due process and equal protection when his right to a direct appeal was denied; (2) ineffective assistance of trial counsel in failing to seek a jury instruction on self-defense; (3) ineffective assistance of trial and appellate counsel in failing to object to the Commonwealth's questioning regarding Lutz's post-arrest silence; and (4) ineffective assistance of trial and appellate counsel in failing to object to the trial court's failure to give the jury a proper progression charge. Lutz requested an order temporarily granting the petition for writ of habeas corpus and discharging him if the Commonwealth does not reinstate his right to appeal within 120 days. The Commonwealth responded by arguing that

the first claim was procedurally defaulted because Lutz never presented it to the state courts, and that the remaining claims should be denied on the merits.

Magistrate Judge Mitchell recommended on May 7, 2001, that the petition be denied. Before addressing the claims raised by Lutz, the Magistrate Judge *sua sponte* raised the issue of statute of limitations, and concluded that regardless of when the limitations period began to run, Lutz would be entitled to equitable tolling on the "unique facts" of his case. The Magistrate Judge then concluded that all of the claims in the petition were exhausted and recommended denying relief on the merits. With respect to the first claim, the Magistrate Judge found that Lutz "has not suffered any adverse consequences as a result of the Pennsylvania courts' disposition of his post-verdict petitions," and thus any constitutional error was harmless. Lutz filed objections to the report and recommendation, but the Commonwealth did not.

On September 5, 2001, the District Court adopted the Magistrate Judge's determination that the petition was timely filed under principles of equitable tolling. The District Court rejected the Magistrate Judge's exhaustion analysis with respect to Lutz's first claim, finding that Lutz never presented this argument to the state courts. Nonetheless, the District Court proceeded to address the merits of the claim, and concluded that Lutz had not been denied his right to counsel, right to effective assistance of counsel, or his right to a direct appeal. (App. 44-46) Specifically, the District Court stated:

> To make a long story short, counsel for petitioner raised and briefed everything he could have in Superior Court, which reviewed everything he

-6-

raised as if on direct appeal, despite the "glitch" in his notice of appeal and Superior Court's characterization of that appeal. Petitioner simply was not deprived of counsel at the critical briefing and deliberation stages of the appellate proceedings.

(App. 46-47) The District Court adopted the Magistrate Judge's reasoning on the remaining claims and denied relief.

## ANALYSIS

This Court granted a certificate of appealability limited to the following issues: (1) whether Lutz was denied due process and equal protection when his right to a direct appeal was allegedly denied; (2) whether the District Court properly declined to dismiss the petition as time-barred under 28 U.S.C. § 2244(d); and (3) whether this claim should have been denied on the basis of the Commonwealth's procedural default defense. We will begin by addressing the time-bar issue and then turn to the procedural default issue. Because we conclude that Lutz's claim regarding the unconstitutional deprivation of a direct appeal is procedurally defaulted, we will not address the merits of that claim.

### A. Statute of Limitations

The District Court declined to dismiss this habeas petition as time-barred under 28 U.S.C. § 2244(d) under the principle of equitable tolling. In the certificate of appealability, we ordered the parties to address that ruling, and informed the parties that the highly relevant decision in Robinson v. Johnson, 283 F.3d 581 (3d Cir. 2002), had been withdrawn and that a rehearing was pending. After the issuance of the certificate of appealability, this Court issued a revised opinion in Robinson holding that "because the AEDPA limitations period

is subject to equitable modifications such as tolling, it is also subject to other non-jurisdictional, equitable considerations, such as waiver." 313 F.3d 128, 134 (3d Cir. 2002). The Robinson court also held that "affirmative defenses under the AEDPA should be treated the same as affirmative defenses in other contexts, and, if not pleaded in the answer, they must be raised at the earliest practicable moment thereafter." Id. at 137. The Robinson holding controls our decision on the statute of limitations issue in Lutz's case.

The Commonwealth did not raise a statute of limitations defense in its Answer to Lutz's habeas petition. The Commonwealth did not raise the defense before the Magistrate Judge either. In fact, the Magistrate Judge *sua sponte* raised the defense, but nonetheless determined that the petition was not time-barred under the principle of equitable tolling. The Commonwealth did not object to the Magistrate Judge's report and recommendation. Because the Commonwealth failed to raise the affirmative time-bar defense in its Answer or at any of the "earliest practicable moment[s]" thereafter, the defense is waived. Id. Accordingly, we will affirm the District Court's ruling that Lutz's habeas petition is not time-barred, but for the reason of waiver rather than equitable tolling.

## B. **Procedural Default**

The District Court noted that Lutz's claim regarding denial of due process and equal protection might be procedurally defaulted, but nonetheless proceeded to address the merits of the claim. The Commonwealth argues on appeal that the District Court should have found the claim to be procedurally defaulted rather than reviewing the merits. Lutz argues that his

claim is not procedurally defaulted. He argues in the alternative that if this Court finds that his claim is procedurally defaulted, the default should be excused in order to avoid a fundamental miscarriage of justice.

"As a general rule, federal courts may exercise the power to consider habeas applications only where 'it appears that the applicant has exhausted the remedies available in the courts of the State.'" McCandless, 172 F.3d at 260 (quoting Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995)). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'absence of available State corrective process.'" Id. (quoting 28 U.S.C. § 2254(b)). "In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default." Id. (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Accordingly, in order to prevail on its procedural default defense, the Commonwealth must establish that: (1) Lutz did not "fairly present" his claim to the Pennsylvania courts; and (2) Pennsylvania's procedural rules bar Lutz from seeking further relief. If the Commonwealth meets its burden, Lutz must establish "cause and prejudice" or a "fundamental miscarriage of justice" in order to excuse his default.

We must first determine whether Lutz "fairly presented" his claim to the Pennsylvania

courts. "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless, 172 F.3d at 261 (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971)). It is not sufficient that a "somewhat similar state-law claim was made," Harless, 459 U.S. at 6, yet the petitioner need not have cited "book and verse" of the federal constitution. Picard, 404 U.S. at 278.

Lutz's habeas claim is that he was deprived of his right to a direct appeal in violation of the due process and equal protection clauses of the federal constitution. In his application for reconsideration to the Pennsylvania Superior Court following its January 2000 decision, however, Lutz made only the following arguments: a) that he had in fact or substance filed a direct appeal *nunc pro tunc* following the trial court's March 8, 1995 order; and b) the erroneous styling of that appeal was the result of ineffective assistance of counsel.

Neither of those arguments sufficed to put the state courts on notice of his federal claim. See e.g. Duncan v. Henry, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). In fact, Lutz's first argument to the Superior Court is the direct opposite of his habeas claim, and his second implicates a different constitutional amendment (the Sixth Amendment) than that implicated by his habeas claim (the Fourteenth Amendment). Accordingly, we find that Lutz did not "fairly present" his federal claim to the state courts.

Neither party disputes that Pennsylvania's procedural rules bar Lutz from seeking further relief.[2] Accordingly, Lutz's claim regarding the unconstitutionality of his allegedly denied direct appeal is procedurally defaulted. The only remaining question is whether Lutz has established a "fundamental miscarriage of justice" to excuse his default.[3]

"To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . ." Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir. 2001), cert. denied, 543 U.S. 973 (2001). Lutz does not argue that he is actually innocent of the crime for which he was convicted. Instead, he argues that the "miscarriage of justice" excuse

---

[2]Even if Lutz were to file an additional PCRA petition, the Pennsylvania courts would find it to be time-barred under the one-year limitation period set forth in 42 Pa.C.S.A. § 9545(b)(1), and he is outside of the sixty-day limitation for the invocation of an exception to the filing limitation. 42 Pa.C.S.A. § 9545(b)(2). Because the limitations are jurisdictional, the Pennsylvania courts do not have the power to address the merits of an additional PCRA petition filed by Lutz. See Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

[3]Lutz had the option of attempting to establish "cause and prejudice" to excuse his procedural default, but he did not avail himself of that option. We note, in any event, that Lutz would not have been able to establish "cause." "To show cause and prejudice, 'a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements.'" Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002) (quoting Coleman v. Thompson, 501 U.S. at 753). Examples of objective factors external to the defense sufficient to demonstrate "cause" include "interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim." Cristin, 281 F.3d at 420. There was no interference by the Commonwealth with Lutz's right to present his claim. The factual and legal predicate for the claim was available as soon as the Superior Court issued its January 2000 decision. In sum, Lutz has not presented any argument, nor does the Court find one available on the record, that would suffice to establish "cause." See Murray v. Carrier, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

encompasses an unconstitutional denial of direct appeal rights, and cites several non-binding authorities for support. Lutz's argument is unpersuasive. In <u>Cristin v. Brennan</u>, we held that "[t]he miscarriage of justice inquiry is thus concerned with 'actual innocence.'" 281 F.3d 404, 420 (3d Cir. 2002), <u>cert.</u> <u>denied</u>, __ U.S. __, 123 S. Ct. 195 (Oct. 27, 2002) (citing <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992)); <u>see</u> <u>also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995). To the extent that the scope of the "miscarriage of justice" excuse could be expanded, this case does not present a justification for such an expansion. All of the substantive issues Lutz would have raised on direct appeal have already been reviewed by the Pennsylvania courts. Thus, Lutz has not established an excuse for his procedural default.

Because we find that Lutz's claim is procedurally defaulted, we will not address the merits. We will affirm the District Court's denial of the habeas corpus petition, but on the ground of procedural default rather than on the ground provided by the District Court.

## CONCLUSION

For the foregoing reasons, we will affirm the District Court's denial of Lutz's petition for a writ of habeas corpus.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge

-12-