**UNITED STATES of America,**

v.

**Roy Allen GREEN, Appellant.**

No. 02–3906.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 11, 2003.

Decided Sept. 30, 2003.

George J. Rocktashel, Office of United States Attorney, Williamsport, PA, for Appellee.

Roy Allen Green, Florence, CO, pro se.

Before ALITO, BARRY, and AMBRO, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Roy Allen Green, a federal inmate at the United States Penitentiary at Allenwood, Pennsylvania, assaulted another inmate with a homemade knife, or "shank." On April 30, 2002, Green pled guilty to one count of assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1). On October 9, 2002, the United States District Court for the Middle District of Pennsylvania sentenced Green to a term of imprisonment of 151 months and ordered that the term "shall run consecutively to any sentence the Defendant is now serving or for which he is being held." The District Court also ordered Green to make restitution in the amount of $1,439.56 to the Bureau of Prisons for outside medical services provided to the assault victim, with payment to begin "during the incarceration only for the purpose of the inmate participating in the Bureau of Prison's Inmate Financial Responsibility Program with the payment of any balance to be a condition of supervised release."

Green, who is currently serving a 687–month aggregate term of imprisonment for conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, and possession of a firearm during a drug trafficking crime, asked his counsel to appeal, which he did. Green does not contest either the fact that restitution was imposed or the amount of restitution. Rather, he contends that the District Court erred when it required him to begin paying restitution related to the assault conviction immediately, that is, while he is still serving his sentence for the drug distribution convictions.

Green's counsel concluded that this argument was frivolous and filed a brief and accompanying motion requesting permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[1] We have jurisdiction

---

1. Under *Anders*, appointed counsel may request permission to withdraw from a case where, after a conscientious examination, he or she determines that the appeal is wholly frivolous. *Anders*, 386 U.S. at 744. Counsel must support his or her request with a brief which demonstrates that a thorough search has been conducted for appealable issues, which makes reference to anything in the record which might arguably support an appeal, and which explains why any potential issues would be frivolous. *Id.; United States v. Marvin*, 211 F.3d 778, 780–781 (3d Cir. 2000). Our inquiry when counsel submits an *Anders* brief is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

over the appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We reject Green's challenge to the District Court's decision to require him to begin making payments immediately but will vacate the order of restitution and remand so that the Court can specify the manner and schedule of payment.

■ Green's counsel is correct that Green's challenge to the District Court's order that he begin making restitution payments related to the assault conviction while he is serving his sentence for the drug convictions is frivolous. Under the Mandatory Victims Restitution Act ("MVRA"), immediate repayment is the default rule. Restitution payments are to be made "immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). To the extent that payments are to be made in installments, "the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. § 3572(d)(2).

In light of Congress' clear preference that restitution be made immediately, and, if that is impossible, in the shortest amount of time that is possible, the District Court did not abuse its discretion when it required Green to begin making payments immediately. There is no support in either the statutory scheme or the caselaw for the argument that a prisoner's restitution payment schedule arising out of one crime must not overlap with his or her incarceration for another crime.

■ As the government concedes in its brief, however, the District Court did err in declining to specify the manner and schedule of restitution. See 18 U.S.C. § 3664(f)(2) ("[T]he court shall ... specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid[.]")(emphasis added); United States v. Coates, 178 F.3d 681, 684 (3d Cir.1999). The language in the Judgment providing that "restitution shall be payable during the incarceration only for the purpose of the inmate participating in the Bureau of Prison's Financial Responsibility Program with the payment of any balance to be a condition of supervised release" is insufficient as a matter of law. The District Court was not permitted to delegate the task of specifying the manner and schedule of restitution to the Bureau of Prisons in this way. See Coates, 178 F.3d at 685 (acknowledging that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties but holding that the plain language of the MVRA overrides the regulations). Because the Judgment, as concerns restitution, does not comply with the MVRA, we will vacate that part of the Judgment and remand to the District Court to enter an order specifying the manner and schedule of payment.

Finally, given the conflict between counsel and Green, and because the proceedings before us have concluded, counsel's motion to withdraw will be granted and Green's motion for appointment of new counsel on appeal will be denied.