

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-2008

# Wayne Costigan v. John Yost

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Wayne Costigan v. John Yost" (2008). *2008 Decisions.* Paper 167.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/167

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2180
_____

WAYNE COSTIGAN,

Appellant

v.

JOHN YOST, Warden

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-00165)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2008

Before:  FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

(Filed: December 2, 2008 )
_____

OPINION
_____

PER CURIAM

        Wayne Costigan, pro se, appeals an order of the United States District Court for

the Western District of Pennsylvania denying his habeas petition filed pursuant to 28

U.S.C. § 2241.  We will affirm.

Costigan pleaded guilty to bank robbery and to possession of a firearm during the commission of a crime of violence. In 2004, the United States District Court for the Eastern District of New York sentenced him to 123 months of imprisonment, ordered him to pay $103,118 in restitution upon release from prison, and imposed "a special assessment of $200 which shall be due immediately." In January 2005, Costigan signed a contract under the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP"), whereby he agreed to pay $50 each quarter to satisfy his financial obligations. Costigan signed another IFRP contract in March 2007, agreeing to pay $25 per quarter. Nevertheless, Costigan failed to make any payments.

In July 2007, Costigan filed a petition under 28 U.S.C. § 2241, claiming that the District Court impermissibly delegated to the BOP the task of establishing the schedule by which he would pay the special assessment imposed as part of his sentence. He argued that, because the BOP was not authorized to set the payment schedule, it improperly imposed "sanctions" based on his failure to participate in the IFRP. The case was referred to a Magistrate Judge, who concluded that, by setting the special assessment as due immediately, the District Court did not impermissibly delegate authority. Over Costigan's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the § 2241 petition. Costigan timely appealed.

Because Costigan's challenge goes directly to execution of the sentence (*i.e.*, whether the BOP has authority to set the terms of the payment of the special assessment),

2

the claim falls squarely within those properly raised in a petition for habeas corpus under § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). In support of his claim, Costigan relies on United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999), where we held that, under the Mandatory Victims Restitution Act ("MVRA"), the sentencing court cannot delegate the scheduling of restitution payments to a probation officer or to the BOP because the fixing of restitution payments is an exclusively judicial act. More recently, we held that a sentencing court impermissibly delegates its authority when it orders immediate payment of restitution with knowledge that the defendant could not make immediate payment in full. See United States v. Corley, 500 F.3d 210, 226-27 (3d Cir. 2007). These holdings are based on 18 U.S.C. § 3664(f)(2), which provides that, "in consideration of" the defendant's financial resources, the sentencing court "shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." See Coates, 178 F.3d at 684 ("[s]ince the MVRA mandates that district courts schedule restitution payments after taking into account the defendant's financial resources, the District Court's failure to do so here constitutes plain error."); Corley, 500 F.3d at 227.

Importantly, however, Costigan is not challenging that portion of the judgment pertaining to restitution. Instead, his claim is based exclusively on the sentencing court's failure to set a schedule for paying the $200 special assessment. The special assessment was mandatory under 18 U.S.C. § 3013(a)(2)(A), and was to be "collected in the manner

3

that fines are collected in criminal cases." 18 U.S.C. § 3013(b). The Attorney General is responsible for the collection of criminal fines. See 18 U.S.C. § 3612(c). The time and method of payment is governed by 18 U.S.C. § 3572(d), which provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless . . . the court provides for payment on a date certain or in installments." But, unlike with restitution, there is no provision mandating that the order for a fine or special assessment include a payment schedule in consideration of the defendant's economic circumstances. Therefore, because the sentencing court was not required to set a payment schedule for the special assessment, we will affirm the District Court's order denying Costigan's § 2241 petition.

4