OPINION
PER CURIAM.
Angel M. Pinet appeals from the order of the United States District Court for the District of New Jersey denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.
Pinet is currently serving a 360-month federal imprisonment term imposed in December 1998. In addition to the imprisonment term, the sentencing court assessed a $2,000.00 fine to be paid immediately. In 2005, Pinet entered into what he calls a “duress agreement” with the Bureau of Prisons (“BOP”) under the Inmate Financial Responsibility Program (“IFRP”), whereby he agreed to make quarterly payments to satisfy his fine. On May 7, 2007, Pinet refused to make any further payments while incarcerated. Consequently, the BOP placed him on “IFRP Refuse” status. Pinet proceeded to pursue administrative remedies and appeals, asserting that the sentencing court should set the payment schedule for the imposed fine, and that the BOP lacked authority to do so. Ultimately, Pinet was unsuccessful in obtaining administrative relief.
In June 2008, Pinet filed a habeas petition under 28 U.S.C. § 2241, maintaining that the BOP unlawfully established a schedule for paying the fine when that duty belonged to the sentencing court. He alleged that despite the BOP’s characterization of the IFRP as a voluntary program, his refusal to participate results in the loss of certain benefits relating to, as examples, his prison employment wages, commissary spending limits, and housing status. Upon consideration of the parties’ submissions, the District Court denied the section 2241 petition, concluding that the BOP was not precluded from setting a payment schedule via the IFRP for Pinet to pay his criminal fine. Pinet appeals. We have appellate jurisdiction under 28 U.S.C. § 1291.
At the outset, we note that because Pi-net challenges the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule regarding the imposed fine, the claim falls squarely within the purview of a section 2241 petition. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001). Pinet first argues that the District Court misconstrued his habeas petition as a challenge to the constitutionality of the IFRP. We disagree. The District Court *807 did reaffirm the constitutionality of the IFRP, citing James v. Quinlan, 866 F.2d 627 (3d Cir.1989). However, in denying habeas relief, it duly considered and rejected Pinet’s claim that the BOP acted unlawfully in setting a payment schedule to satisfy the fine.
Pinet’s main argument is that 18 U.S.C. § 3572(d) precludes the sentencing court from delegating the task of setting a payment schedule for fines. In support, Pi-net relies on the language of the statute allowing the sentencing court to provide for installment payments, and that the sentencing court (not the BOP) is to establish the schedule and period for payment. See 18 U.S.C. § 3572(d)(1), (2). However, section 3572(d)(1) also provides that an imposed fíne shall be paid “immediately” unless the sentencing court directs installment payments in the interest of justice. There is no dispute here that the sentencing court ordered Pinet to pay the fine immediately. No payment schedule was at issue, and no delegation of judicial function occurred.[1] Contrary to Pinet’s assertions, nothing in section 3572(d)’s language precludes the BOP under its IFRP regulations from setting a payment schedule to satisfy a fine that was due to be paid immediately.
Pinet also cites our decision in United States v. Coates, 178 F.3d 681, 684 (3d Cir.1999), emphasizing our statement that section 3572(d)(1) applies to all monetary penalties, including fines and orders of restitution. However, we also highlighted in Coates the distinction between section 3572(d)(1) and the affirmative requirement for the sentencing court to set a payment schedule under the Mandatory Victims Restitution Act. Since Coates, we decided United States v. Corley, 500 F.3d 210, 226-27 (3d Cir.2007), where we held that a sentencing court impermissibly delegates its authority to the BOP when, knowing that the defendant was financially unable to make immediate restitution payment, it orders payments due immediately but to be made via the IFRP. The holdings of Coates and Corley are based on 18 U.S.C. § 3664(f)(2), which directs the sentencing court to establish a restitution payment schedule taking the defendant’s finances into consideration. In Pinet’s case, he is not challenging a restitution order. There is no analogous statutory provision governing the imposition of fines that requires the sentencing court to set payment schedules -with consideration of the defendant’s finances.
We will affirm the District Court’s order denying Pinet’s section 2241 petition.

. Pinet misplaces his reliance on cases such as United States v. Foote, 413 F.3d 1240 (10th Cir.2005); United States v. Workman, 110 F.3d 915 (2d Cir.1997); and United States v. Miller, 77 F.3d 71 (4th Cir.1996). In each of these cases, the sentencing courts ordered the defendants to pay fines in installments and expressly delegated the task of establishing payment schedules, unlike the situation in Pinet’s case.