BLD-298                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1309
_____

HARRY JACKSON,

Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:12-cv-05826)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 3, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed:  July 16, 2014)
_____

OPINION
_____

PER CURIAM

Harry Jackson appeals pro se from an order of the United States District Court for

the District of New Jersey denying the petition he filed under 28 U.S.C. § 2241.  Because

the appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 2009, Jackson pleaded guilty to several federal crimes including, among others, interference with interstate commerce by robbery and use of a firearm during a crime of violence. The United States District Court for the Eastern District of Pennsylvania sentenced him to a total of 135 months' imprisonment and ordered him to pay a special assessment and restitution, due immediately. The order recommended that Jackson pay a minimum of $25.00 per quarter as a participant in the Federal Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"). In early 2012, Jackson entered into an "Inmate Financial Plan" under the IFRP and agreed to pay $30.00 per month toward satisfaction of his financial obligations.[1]

In September 2012, after filing a series of unsuccessful administrative challenges to the amount agreed to in his Inmate Financial Plan, he filed a federal habeas petition in the United States District Court for the District of New Jersey, the district where he is presently incarcerated. He sought to have the amount of his restitution payments reduced to $25.00 per quarter, which was the minimum amount specified in the sentencing court's restitution order. The Government opposed his petition, arguing that he could not challenge the amount he was paying after he voluntarily entered into the IFRP. The

---

[1] In May 2013, he entered a new "Inmate Financial Plan" in which he agreed to pay $35.00 per quarter.

2

District Court agreed with the Government and denied Jackson's petition. Jackson appeals.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We may affirm a judgment of the District Court on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

Determining the schedule of restitution payments is a "judicial act" that may not be delegated to the BOP. United States v. Coates, 178 F.3d 681, 684-85 (3d Cir. 1999). However, where a district court has ordered a restitution payment schedule in accordance with the Mandatory Victims Restitution Act, prison officials may encourage a participant in the IFRP to make voluntary payments in amounts greater than required by the court's order. See United States v. Lemoine, 546 F.3d 1042, 1050 (9th Cir. 2008). Here, the sentencing court ordered that Jackson's restitution and special assessment fees were due immediately, and it recommended that Jackson participate in the IFRP and pay a minimum of $25.00 per quarter. Since beginning his term of incarceration, Jackson has entered into two separate Inmate Financial Plans in which he agreed to pay more than the minimum amount recommended by the sentencing judge. Jackson has not argued that he was coerced into entering these

3

agreements, nor has he asserted that the sentencing court impermissibly failed to set a payment schedule. Thus, we agree with the District Court that by voluntarily entering into the IFRP, Jackson "cannot complain about how his restitution payments are now being scheduled while in the voluntary program." See id.

We will therefore summarily affirm its order denying Jackson's § 2241 petition. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.